ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 22, 2011

The Honorable Jo Anne Bernal                    Opinion No. GA-0903
El Paso County Attorney
500 East San Antonio, Room 503                  Re: Authority of a county attorney to enforce a
El Paso, Texas 79901                            bail bond forfeiture judgment that is more than
                                                twelve years old   (RQ-0983-GA)

Dear Ms. Bernal:

You ask four questions related to your authority to enforce a final bail bond forfeiture judgment obtained by El Paso County (the "County") that is over twelve years old.[1] You first ask if "a bond forfeiture judgment obtained by a political subdivision of the state [can] become dormant." Request Letter at 2. Generally, a judgment becomes dormant if a writ of execution is not issued within ten years after the rendition of a judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a) (West Supp. 2011). You suggest that section 52.006(b) of the Property Code may prevent certain judgments obtained by the County from ever becoming dormant. Request Letter at 2. Subsection 52.006(b) states in relevant part:

> Notwithstanding Section 34.001, Civil Practices and Remedies Code, *a judgment in favor of the state* or a state agency, as that term is defined by Section 403.055, Government Code, does not become dormant.[2]

TEX. PROP. CODE ANN. § 52.006(b) (West Supp. 2011) (emphasis added) (footnote added). By statute, bail bonds are forfeited by entering judgment "that *the State of Texas* recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which they are respectively bound." TEX. CODE CRIM. PROC. ANN. art. 22.02 (West 2009) (emphasis added). While the county may be the entity to obtain a bail bond forfeiture judgment, it

---

[1]Letter from Honorable Jo Anne Bernal, El Paso County Attorney, to Honorable Greg Abbott, Attorney General of Texas at 1 (July 12, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]Government Code section 403.055 defines "state agency" as "a board, commission, council, committee, department, office, agency, or other governmental entity in the executive, legislative, or judicial branch of state government. The term includes an institution of higher education as defined by Section 61.003, Education Code, other than a public junior or community college." TEX. GOV'T CODE ANN. § 403.055(*l*)(2) (West 2005).

is a judgment in favor of the state.  Therefore, under Property Code section 52.006, a bail bond forfeiture judgment in favor of the state "does not become dormant."[3]  TEX. PROP. CODE ANN. § 52.006(b) (West Supp. 2011).

However, we note that section 52.006(b) of the Property Code was enacted by the Eightieth Legislature in 2007 through Senate Bill 300.[4]  The Legislature expressly provided that the changes in law made by that Act applied to "a judgment, if the judgment is not then dormant, that exists on the effective date of" the Act, which was April 23, 2007.[5]  You ask about a bail bond forfeiture judgment that is "over twelve (12) years old." Request Letter at 1.  Without more information about the specific judgment in question, we cannot definitively answer whether the judgment became dormant before section 52.006(b) became effective and prevented the judgment from becoming dormant.  However, if a bond forfeiture judgment in favor of the state was not dormant on or before April 23, 2007, then the current language of Property Code section 52.006(b) would apply to preserve that judgment from becoming dormant.

Assuming that a bond forfeiture judgment can become dormant, you next ask whether a county may "revive a dormant judgment at any time." *Id.* at 2.  Section 31.006 of the Civil Practices and Remedies Code explains how and when a dormant judgment may generally be revived:  "A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant." TEX. CIV. PRAC. & REM. CODE ANN. § 31.006 (West 2008).[6]  You suggest that section 16.061 of the Civil Practices and Remedies Code prohibits application of "the statute of limitations [against] the state or a political subdivision of the state regarding the revival of dormant judgments." Request Letter at 2.  Section 16.061 states that "[a] right of action of this state or a political subdivision of the state, including a county, . . . is not barred by" a long list of limitations statutes. TEX. CIV. PRAC. & REM. CODE ANN. § 16.061 (West 2008).  Included in that list is section 31.006. *Id.* § 16.061(a).  Thus, the two year limitations period to bring a revival action after a judgment has become dormant does not apply to a political subdivision of the state, including a county.  The county may revive a dormant judgment at any time.

You next ask, "[i]f the County is permitted to revive a judgment, may the County then file a lien based on said judgment." Request Letter at 2.  Chapter 52 of the Texas Property Code

---

[3]You ask specifically about bail bond forfeiture judgments, and we limit the opinion accordingly.  We do not address whether the exemption in section 52.006 extends generally to political subdivisions of the state or whether any other judgments obtained by the county on its own behalf are exempted from dormancy under that section.

[4]Act of Apr. 4, 2007, 80th Leg., R.S., ch. 11, § 1, 2007 Tex. Gen. Laws 10, 10.

[5]*Id.* § 2.  The changes in law also applied to "a judgment lien on record before the effective date" of the Act. *Id.*  However, because you tell us that the lien was not recorded, this is not applicable here.

[6]Section 34.001 provides that a judgment becomes dormant unless a writ of execution is issued within ten years after rendition of the judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a) (West Supp. 2011).  If a writ of execution is issued within ten years of rendition, the judgment becomes dormant ten years after issuance of the writ, unless a second writ of execution is issued within ten years of the first writ. *Id.* § 34.001(b).

establishes the procedures to establish a judgment lien. TEX. PROP. CODE ANN. §§ 52.001–.043 (West 2007 & Supp. 2011). Section 52.001 explains that

> a first or subsequent abstract of judgment, when it is recorded and indexed in accordance with this chapter, if the judgment is not then dormant, constitutes a lien on and attaches to any real property of the defendant, other than real property exempt from seizure or forced sale under Chapter 41, the Texas Constitution, or any other law, that is located in the county in which the abstract is recorded and indexed, including real property acquired after such recording and indexing.

*Id.* § 52.001(West Supp. 2011). Once the County has revived a judgment, it may apply for or prepare and file an abstract of the judgment, thereby establishing a lien as long as the property subject to the lien is not exempt from being encumbered. *See id.* §§ 52.002 (West 2007) ("On application of a person in whose favor a judgment is rendered . . . , the judge . . . or the clerk of the court . . . shall prepare, certify, and deliver to the applicant an abstract of the judgment."); 52.004 ("The county clerk shall immediately record in the county real property records each properly authenticated abstract of judgment . . . .").

In your final question, you ask: "If a Surety owes money on a bond forfeiture judgment in a Bail Bond Board County, is the Surety barred from writing bonds in a non-bail bond board county under the Code of Criminal Procedure [section] 17.11(2) until such time as the judgment is satisfied, regardless of whether the judgment is dormant?"[7] Request Letter at 2. Article 17.11 of the Code of Criminal Procedure states:

> Sec. 1.  Every court, judge, magistrate or other officer taking a bail bond shall require evidence of the sufficiency of the security offered
>
> . . . .
>
> Sec. 2.  Provided, however, *any person who has signed as a surety on a bail bond and is in default thereon shall thereafter be disqualified to sign as a surety so long as he is in default on said bond. . . .*

TEX. CODE CRIM. PROC. ANN. art. 17.11 (West 2005) (emphasis added). Construing this statute in a prior opinion, this office concluded that "[a]rticle 17.11, section 2 disqualifies a surety who is in

---

[7]Chapter 1704 of the Occupations Code establishes a county bail bond board for each county with a population of 110,000 or more and allows other counties to do so after meeting certain conditions. TEX. OCC. CODE ANN. §§ 1704.051 (West 2004) (mandatory creation of a board for counties with a population of 110,000 or more), 1704.052 (West Supp. 2011) (discretionary creation of a board for smaller counties). That chapter sets out a number of requirements for both the bail bond boards and the sureties licensed by the boards. However, since you ask only about a surety's ability to write bonds in a county that *does not have* a bail bond board, chapter 1704 is inapplicable to your request. *See id.* § 1704.002 (West 2004) ("This chapter applies only in a county with a population of: (1) 110,000 or more; or (2) less than 110,000 in which a board is created.").

default on a bail bond from signing as a surety during the period of default *anywhere in the state* and, in effect, requires any sheriff to refuse to accept a bond from such a surety." Tex. Att'y Gen. Op. No. JC-0019 (1999) at 4 (emphasis added).

Article 17.11 further explains when a surety is in default:

> A surety shall be deemed in default from the time execution may be issued on a final judgment in a bond forfeiture proceeding under the Texas Rules of Civil Procedure, unless the final judgment is superseded by the posting of a supersedeas bond.

TEX. CODE CRIM. PROC. ANN. art. 17.11, § 2 (West 2005). The statute does not draw a distinction between a live or dormant judgment but instead disqualifies the surety "so long as he is in default." *Id.* The statute thereby prohibits any person who has signed as a surety on a bail bond and is in default thereon from subsequently signing as a surety in a county without a bail bond board until the default is rectified.

## S U M M A R Y

Subsection 52.006(b) of the Property Code was enacted in 2007 and applies to judgments that existed on the effective date of the Act and were not then dormant. Under the plain language of that provision, if the county obtained a bail bond forfeiture judgment in favor of the state, that judgment does not become dormant if it was not dormant on April 23, 2007.

Section 31.006 of the Texas Civil Practices and Remedies Code makes the two year limitations period to bring a revival action inapplicable to a political subdivision. Therefore, the county may revive a dormant judgment at any time.

Once a county has revived a dormant judgment, it may apply for and file an abstract of the judgment, thereby establishing a lien, as long as the property is not exempt.

Texas Code of Criminal Procedure article 17.11 prohibits any person who has signed as a surety on a bail bond and is in default thereon from subsequently signing as a surety in a county without a bail bond board until the default is rectified.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee